**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JACQUELYNN DESIMONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.  2:10-cv-530 |
| vs. | ) | |
| | ) | |
| ACADEMY COLLECTION | ) | |
| SERVICE, INC. and ASSET | ) | **JURY DEMAND ENDORSED HEREON** |
| ACCEPTANCE, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, JACQUELYNN DESIMONE, by and through her attorneys, LUXENBURG & LEVIN, LLC, and for her Complaint against the Defendants, ACADEMY COLLECTION SERVICE, INC. ("Academy") and ASSET ACCEPTANCE, LLC ("Asset"), Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1.     This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. §1692, *et seq*., and the Ohio Consumer Sales Practices Act (hereinafter the "OCSPA"), Ohio Rev. Code §1345.01, *et seq*.

### JURISDICTION AND VENUE

2.     Jurisdiction arises under the FDCPA, 15 U.S.C. §1692, *et seq*.  Venue lies properly in this district pursuant to 28 U.S.C. §1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3.      Plaintiff is an individual who was at all relevant times residing in Reynoldsburg, Ohio.

4.      Plaintiff is a "consumer" as defined in 15 U.S.C. §1692a(3), as she is a natural person allegedly obligated to pay a debt.

5.      At all relevant times, Defendants acted as "debt collectors" within the meaning of 15 U.S.C. §1692a(6), in that they held themselves out to be companies collecting a consumer debt allegedly owed by Plaintiff.

6.      On information and belief, Defendant Academy is a corporation of the State of Pennsylvania, which is licensed to do business in Ohio and which has its principal place of business in Philadelphia, Pennsylvania.

7.      On information and belief, Defendant Asset is a limited liability company of the State of Delaware, which is licensed to do business in Ohio and which has its principal place of business in Warren, Michigan.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

8.      On or about July 14, 2009, Defendant Academy, acting as the authorized agent of Defendant Asset, caused a letter to be mailed to Plaintiff in furtherance of the collection of the aforementioned alleged debt.  A copy of said letter is attached hereto as Exhibit 1.

9.      Said letter contained a partial recitation of a consumer debtor's rights under 15 U.S.C. §1692c(c).  The recital of §1692c(c) in said letter failed to include notice to Plaintiff that Defendants would further be entitled to make contact with Plaintiff for the purpose of notifying

Plaintiff that Defendant Academy and/or Defendant Asset might invoke specified remedies which are ordinarily invoked by them.

10. In addition, said letter did not explain to Plaintiff that she could also stop Defendants from contacting her by notifying Defendants in writing to Defendant Academy that she refused to pay the alleged debt.

11. Furthermore, Defendants' statement in said letter that "Federal Law…requires that we treat you fairly" was, in light of Defendant's aforementioned incomplete statement of the law, is a minimization of the requirements of the FDCPA, a false representation and deceptive inveiglement to Plaintiff. Said letter mischaracterizes the law and the rights and remedies which were available to Plaintiff.

12. All actions of Defendant Academy as alleged above were undertaken as the authorized agents of Defendant Asset.

13. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

   a. Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information concerning Plaintiff, in violation of 15 U.S.C. §1692e(10); and

   b. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

WHEREFORE, Plaintiff, JACQUELYNN DESIMONE, respectfully prays for a judgment against Defendants as follows:

        a.      Statutory damages of $1,000.00 from each Defendant for each violation of the FDCPA;

        b.      All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

        c.      Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the Ohio Consumer Sales Practices Act)

14.     Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

15.     Defendants' actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code §1345.01(A).

16.     Defendants are "suppliers" as defined in Ohio Rev. Code §1345.01(C), as Defendants are in the business of effecting or soliciting consumer transactions.

17.     Plaintiff is a "consumer" as defined in Ohio Rev. Code §1345.01(C), as she is a person who engaged in a consumer transaction with a supplier, the Defendants herein.

18.     Defendants' actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§1345.02 and 1345.03, and the substantive rules promulgated under the OCSPA.

19.     Defendants, through their agents and employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

20.     As a result of Defendants' unfair, deceptive and unconscionable acts and practices, Plaintiff has suffered, and continues to suffer, various damages.

WHEREFORE, Plaintiff, JACQUELYNN DESIMONE, respectfully prays for a judgment against Defendants as follows:

a. Statutory damages of $200.00 from each Defendant for each violation of the OCSPA;

b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c. Such other and further relief as may be necessary, just and proper.

### JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ David B. Levin
David B. Levin (0059340)
Mitchel E. Luxenburg (0071239)
Attorneys for Plaintiff
Luxenburg & Levin, LLC
23240 Chagrin Blvd.
Suite 601
Beachwood, OH 44122-5452
(888) 595-9111, ext. 711 (phone)
(866) 382-0092 (facsimile)
dlevin@attorrneysforconsumers.com